UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCOTT ALLEN MOORE,               )
                                 )
        Movant,                  )
                                 )
    vs.                          )    No. 4:10CV637 HEA
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion. For the reasons set forth below, the Motion under § 2255 is denied without a hearing.

### Movant's Claims

Movant makes the following claims:

**Ground One**: Ineffective assistance of counsel. Movant claims counsel "fraudulently" stated that if a waiver of pre-trial motions was agreed upon by Movant, then counsel could seek and obtain a favorable plea agreement with the United States Attorney's Office.

**Ground Two**: Ineffective assistance of counsel. Movant claims counsel filed a waiver of pre-trial motions as to the superseding indictment without his knowledge or without waiting to view any new charges and/or evidence that would eventually be revealed in the superseding indictment.

**Ground Three:** Ineffective assistance of counsel.  Movant entered a guilty plea under the advice of counsel with the understanding that counsel could get Movant a ten year sentence.

**Ground Four**: Prosecutorial misconduct.  Movant claims that the attorneys in this matter were having "a [sic] other than professional relationship," and that his counsel never answered his question regarding same.

## Facts and Background

On May 17, 2007, a Complaint was filed against Movant and two co-defendants alleging a violation of 21 U.S.C. § 841 and 846, conspiracy to distribute and possess with the intent to distribute actual methamphetamine.

Movant was Indicted by a grand jury, along with four co-defendants, alleging the same offense as the Complaint.  Movant appeared before Judge Thomas C. Mummert, III, on June 13, 2007.  Judge Mummert ordered the parties to file any pretrial motions on or before June 28, 2007.

Counsel for Movant filed a motion to suppress statements and a motion to suppress evidence on July 6, 2007.[1]  A hearing on these motions was set for July 17, 2007 before Judge Mummert.  At that time, counsel informed the court that Movant elected to withdraw the motions and otherwise waive the filing of any

---

[1] Counsel was given leave to file motions on or before July 11, 2007 by Judge Mummert on June 28, 2007.

additional pretrial motions.

After having Movant placed under oath, Judge Mummert asked Movant if he had heard the announcement, and whether Movant indeed wished to waive his right to file pretrial motions. Movant acknowledged that he had heard counsel, and that he indeed wished to waive his right.

Judge Mummert then informed Movant that once he waived the motions, he could not refile them, nor could he change his mind and seek to have them filed. Movant acknowledged that he understood Judge Mummert's explanation of the effect of the waiver.

Movant also acknowledged that he had reviewed the discovery counsel had received.

At the hearing, Judge Mummert further specifically detailed to Movant that he could still plead not guilty and that he could still have a trial. Judge Mummert also told Movant that Movant could challenge and contest everything the police did, but that Movant could not come back and ask that a court find what the police did was unconstitutional or in violation of a federal statute. Judge Mummert asked Movant if he understood the difference. Movant answered that he understood.

Judge Mummert also informed Movant that in the event he changed

attorneys for some reason, Movant would not be able to file motions because of the waiver. Movant stated that he understood.

Judge Mummert allowed Movant to withdraw his motions. Judge Mummert found the waiver to be made voluntarily and knowingly and with a full understanding of Movant's rights as it related to pretrial motions.

A superseding indictment was filed against Movant and his co-defendants on July 19, 2007. New counts were added, but Movant was not named in these new counts. Counsel filed a waiver of filing pretrial motions as to Movant on July 25, 2007.

On July 27, 2007, Movant appeared before Judge Mummert for arraignment on the superseding indictment. Counsel announced to the Court that he had reviewed the superseding indictment and that he did not believe there was any substantive change as it related to his client. Judge Mummert asked Movant, who had been previously placed under oath, whether he agreed with counsel's statement that a reading of the superseding indictment was not needed.

Judge Mummert noted that counsel had filed a second waiver of filing pretrial motions. Judge Mummert asked Movant if he remembered the extensive hearing on July 17, 2007, wherein Movant had waived his right to file pretrial motions. Movant indicated that he remembered that once he waived his right to

file pretrial motions, he would give up the right forever. Movant indicated that he still wished to waive his right to file pretrial motions. Judge Mummert reminded Movant that he could not go back and change his mind after this hearing was finished. Movant responded that he understood.

On September 14, 2007, Movant appeared before this Court for a change of plea hearing. Movant was placed under oath. He confirmed for the Court that he was present for the purposes of changing his plea. Movant advised the Court that if he did not understand any question posed to him by the Court during the course of the hearing that he would notify the Court and request clarification. He further advised the Court that he understood that if he wished to speak to counsel, he would be allowed that opportunity.

The Court reviewed the terms of the plea agreement and questioned Movant as to his understanding thereof. The Court questioned Movant as to his culpability and whether he understood that he did not have to plead guilty and that by pleading guilty, he was waiving his right to a trial by jury.

The Court questioned Movant as to counsel's representation. Movant admitted, without any equivocation, in open court that he was fully satisfied with counsel's representation, that he understood the terms of the plea agreement, that counsel had performed all tasks and investigation requested of him, that he was

entering into the plea agreement of his own free will and that it was what he wanted to do.  At no time did Movant voice any dissatisfaction with defense counsel, nor did he raise any questions with respect to any of the terms of the plea agreement.

Movant acknowledged that he understood that his sentence was entirely up to the Court.  The Court also advised Movant that the Court was not bound by any agreement between Movant and the government on the issue of sentencing. Movant indicated that he understood.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Claims brought under § 2255 may also be limited by procedural default.  A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Furthermore, even

constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

  The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively

determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Waiver § 2255 Rights

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). Movant waived his rights to appeal certain issues by reason of his guilty plea. By pleading guilty, Movant waived all non-jurisdictional issues. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)); *Ackerland v. U.S.*, 633 F.3d 698, 701 (8th Cir. 2011).

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of counsel is on a defendant.  *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).  To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*, at 694.

> Under *Strickland,* a petitioner must show that his counsel's performance was both deficient and prejudicial to obtain relief. *Id.* at 687, 104 S.Ct. 2052.  That is, "the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States,* 351 F.3d 365, 367–68 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690, 694, 104 S.Ct. 2052).  "Our scrutiny of counsel's performance must be 'highly deferential.'" *New v. United States,* 652 F.3d 949, 952 (8th Cir.2011) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052).

*Hamberg v. U.S.,* 2012 WL 1058950, 2 (8th Cir 2012).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,*296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

Movant's complaint that counsel was ineffective because of the filing of the waiver of the pretrial motions is belied by the record. Movant voluntarily and

knowingly waived his right to file pretrial motions on two separate occasions, and was fully advised by Judge Mummert of the effects of his waivers. He advised Judge Mummert that he understood the effect of the waivers and of the fact that he could not come back at a later time and try to withdraw the waivers. Grounds One and Two are denied.

Movant's claim that his plea was the result of ineffective assistance of counsel is without merit. The Court questioned Movant as to his intent and understanding of the effects of his guilty plea. The Court also ascertained that Movant understood, and could read and write the English language. The explanation of the possible sentence was fully set out in the Plea Agreement. The Court explained that regardless of any agreement to the contrary, the sentence was entirely up to the Court. Movant advised the Court that he understood. Moreover, Movant denied under oath that anyone had made any particular prediction or promise to him as to exactly what his sentence was going to be.

Furthermore, Movant consistently represented to the Court that he was completely satisfied with his attorney's advice and representation. Ground Three is denied

The Court agrees with the government that Ground Four alleging prosecutorial misconduct is legally frivolous and completely devoid of any factual

basis in the record. Ground Four is denied.

## Conclusion

Movant admitted his guilt of the crimes charged and that he was fully satisfied with the representation given to him by counsel. Movant acknowledged at every stage of this proceeding that he understood the proceedings and that he was waiving certain rights. Movant's motion will be denied in its entirety.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 30th day of July, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE